## Inguagiato v. Inguagiato

C.P. of Clearfield County, no. 99-1350-CD.

*William Shaw Jr.*, for plaintiff.
*Winifred Jones-Wenger*, for defendant.

AMMERMAN, *J.*, February 2, 2000—Plaintiff Robert S. Inguagiato, father, and defendant Brenda K. Inguagiato, mother, are the parents of minor child Chrystle Inguagiato, born January 10, 1994. By order dated September 2, 1998, the parties were divorced by the Court of Common Pleas of Bedford County. On the above date, the parties also entered into a custody consent order that provided father with visitation of daughter Chrystle for a minimum of one week per month as well as various holidays and weekends as the parties could mutually agree upon. In addition, the consent order provided that should mother leave the Commonwealth due to employment, she would be responsible for the child's transportation to the residence of father for visitation.

In December 1998, as part of her employment as an on-site building safety inspector with Mid-State Electric, mother left the Commonwealth along with Chrystle and assumed residence in Oklahoma. She remained there until May of 1999, when her job required her to move to Missouri. Mother and Chrystle lived in Missouri until sometime in August of 1999, when she was required to move for a new project in Arkansas. In November 1999, upon completion of the building in Arkansas, mother was once again transferred, this time to Louisiana, where she currently resides. Throughout this approximately one and

a half years, Chrystle has lived with her mother and made sporadic trips to Pennsylvania to visit her father. These visits have ranged in duration from one week to more than a month.

On December 9, 1999, father filed a complaint for modification of custody with this court. Following receipt of preliminary objections filed on behalf of mother, father filed an amended complaint for modification of custody with a count for special relief which set forth allegations seeking to establish jurisdiction with this court. Thereafter, mother once again filed preliminary objections that challenged the jurisdiction of the Pennsylvania courts over the custody dispute. To resolve this sole issue of jurisdiction, a hearing was held on January 6, 2000, where testimony was offered by both parties. Following the submission of briefs, the court addresses that issue at this time.

In this Commonwealth, issues of child custody involving parents living in different states are governed by the Uniform Child Custody Jurisdiction Act, 23 Pa.C.S. §5344. It provides, in relevant part, as follows:

"(a) General rule—A court of this Commonwealth which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:

"(2) it is in the best interest of the child that a court of this Commonwealth assume jurisdiction because:

"(i) the child and his parents, or the child and at least one contestant, have a significant connection with this Commonwealth; and

"(ii) there is available in this Commonwealth substantial evidence concerning the present or future care, pro-

tection, training and personal relationships of the child."
23 Pa.C.S. §5344(a)(2)(I)(ii).

The Act further states that physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody. 23 Pa.C.S. §5344(c).

In the case at bar, mother asserts that Louisiana, not Pennsylvania, is the proper forum for resolving any custody issue. She argues that since the child has lived outside of the Commonwealth for over a year and evidence concerning her current well-being exists in Louisiana, Pennsylvania does not have jurisdiction. However, it is the opinion of this court that both requirements of the above statute are met and jurisdiction is proper in the Commonwealth of Pennsylvania.

The first prong requiring that a child and at least one parent have a significant connection with the Commonwealth has been established. Father currently resides in Pennsylvania and in fact has lived here for the entirety of Chrystle's life. Likewise, Chrystle has a considerable tie to the Commonwealth. She lived the first four and a half years of her life in Pennsylvania, and despite moving to several southern states over the last 18 months, has visited on various occasions. She also maintains relatives from both sides of her family in Pennsylvania.

Under the UCCJA and Pennsylvania law, the child does not need to reside in Pennsylvania in order for her to have a "significant connection with this Commonwealth." *Scheafnocker v. Scheafnocker*, 356 Pa. Super. 118, 514 A.2d 172 (1986). In *Scheafnocker*, the trial court determined that although the father had taken the children to Texas to live with him and the children had not resided in Pennsylvania for over six months prior to the

custody action, Pennsylvania maintained jurisdiction where the children lived in the Commonwealth for four years prior to moving to Texas, and the children had grandparents and other relatives present in Pennsylvania. The situation is similar in the present case, and clearly the "significant connection" needed to satisfy the first requirement for jurisdiction is met.

The second requirement that there is available substantial evidence concerning the present or future care, protection, training, and personal relationships of the child, is established from the testimony provided at the January 6 hearing. At that hearing, father testified that he recently remarried and his new spouse, Heather, has a daughter of similar age as Chrystle. According to father, the two girls have formed a relationship and get along well. Father further stated that he is employed as a construction superintendent and makes a comfortable living that allows his new wife to remain a homemaker and full-time mother capable of providing any needs for the children. Father established that he is a homeowner in Clearfield Borough's East End, a neighborhood with several children Chrystle's age, with whom she frequently plays on her visits to Pennsylvania. As previously noted, testimony was also offered that virtually all of Chrystle's relatives, maternal as well as paternal, reside in or near Clearfield County. Finally, father testified that his employment would provide necessary health insurance coverage for his daughter within the state of Pennsylvania and that unlike her current situation with her mother, Chrystle would be able to attend the Clearfield Area School District for her entire education. From this testimony, it is apparent that the evidence required by the

second prong of the statute pertaining to the child's potential relationships and care is present.

Mother, however, argues that because there is no evidence in Pennsylvania concerning the existing home, schooling and medical care that Chrystle is receiving in Louisiana, jurisdiction can only be proper in the state in which she resides. This argument is not only circular but meritless. First of all, as previously noted, while preferred, the UCCJA does not require the child's physical presence in the state for jurisdictional purposes. 23 Pa.C.S. §5344(c).

More importantly though, to accept mother's contention that jurisdiction is improper because no evidence exists in Pennsylvania surrounding Chrystle's current situation would be misinterpreting the language of the statute. Father could just as easily argue that jurisdiction is improper in Louisiana because no evidence exists there concerning his child's potential home life and schooling should she return to Pennsylvania. Furthermore, mother has lived in four states in less than two years due to the nature of her work. It would not be unlikely for her to continue to relocate based on where her employment takes her. The evidence to which mother points concerning her daughter's home, schooling, and medical care could easily be changed upon the completion of another building project and subsequent transfer to a different location. The best interest of a child in a custody dispute is served by the forum with optimum access to relevant evidence about the child and her family. *Baines v. Williams,* 431 Pa. Super. 72, 635 A.2d 1077 (1993). Barring unforeseen circumstances, the child's connection to Pennsylvania will always be constant. For this reason, juris-

diction is not only proper in Pennsylvania, but the Commonwealth provides the most convenient forum to determine any custody issues.

## ORDER

Now, February, 2, 2000, based on the previous arguments and consistent with the foregoing opinion, it is the order of the court that defendant's preliminary objection to plaintiff's amended complaint based on jurisdiction under 23 Pa.C.S. §5344 is hereby dismissed.